CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN RAILWAY COMPANY *vs.* MARTIN RYAN and others.

SAME *vs.* JAMES C. KELLY and another.

May 12, 1887.

**Railway Company—Condemnation Proceedings—Damage to Entire Farm.**—Rule followed that in condemnation proceedings, when several lots constitute and are used as one farm, the damage to the whole as a unit is to be allowed, though but a part of one of the lots be actually taken.

**Same—Evidence of Damage.**—And, also, the rule that, in proving the damage, the value of the farm without the railroad on it, and its value with the railroad on it, may be shown.

Condemnation proceedings. In each case the railway company appealed from the award to the district court for Rock county, where a trial was had before *Perkins*, J., and a jury, and an appeal taken by the company from an order refusing a new trial.

*Daniel Rohrer,* for appellant in each case.

*Chas. C. Willson* and *E. H. Canfield,* for respondent in each case.

GILFILLAN, C. J. There was no error in the trial of either of these cases. In each the evidence tended to show that the land of the respondent, consisting of several 40-acre pieces lying along-side each other, made and was used as one farm, thus bringing the case within the rule, always followed by this court, that where, in condemnation proceedings, several distinct lots or subdivisions are in fact united by being used for one purpose, so that they are practically one tract or

piece, as, for instance, one farm, the damage to the whole is to be allowed, though but a part of only one lot or subdivision be taken. It was therefore proper to show that, not merely the particular lot or subdivision, but the whole farm as a unit, was injured by the taking, and to what extent. And to prove the extent of the damage to the farm, it was proper, as this court has always held since *Simmons* v. *St. Paul & Chicago Ry. Co.*, 18 Minn. 168, (184,) to prove the value of the farm without the railroad, and its value with the railroad on it.

The point made in the *Kelly Case*, that his only title to one of the forties was under a certificate of sale from the state land-commissioner on a sale of school lands, is not well taken. If he had any interest in that forty, and any injury was done to the forty by the taking, he was entitled to damages on account of that forty. What part of the damages done to it he was entitled to, might, of course, be affected by the character or extent of his title. But that question does not seem to have been presented to the court below. No objection nor request to charge was made which would call the court's attention to it. Had that been done, the respondent would have had an opportunity, and perhaps would have been able, to prove that he had paid the entire purchase price of the forty, when, of course, he would have been entitled to all the damages done it.

Order affirmed.